HARGER *et al.* v. BEMIS, appellant.

*Promissory note — demand of payment and notice — indorser's residence unknown — due diligence.*

The holder of a promissory note not knowing the residence of an indorser thereof, inquired of an assistant internal revenue assessor of the district within the bounds of which such residence was. The assessor said he knew the indorser, and that he resided at P. Notice of demand of payment, refusal and protest of the note was sent by mail to the indorser at P. He did not live at P., but at A., five miles distant, to which place the notice was forwarded, and he received it nine days after it was sent. *Held,* that the holder of the note used due diligence, and the indorser was liable.

APPEAL from a judgment entered at the Jefferson circuit in favor of the plaintiffs in an action tried by the court without a jury.

The action was brought to recover the amount of a promissory note made by Thomas V. Maxon and indorsed by the defendant, Nathaniel O. Bemis.

The plaintiffs, a banking firm at Watertown, who held the note, not knowing the residence of the indorser, who was a physician living in the town of Adams, some sixteen miles from Watertown, directed their notary to go to the office of J. J. Baldwin, who had

for years previous thereto lived and carried on business in the neighborhood of the indorser, and who was then assistant assessor of United States internal revenue, and ascertain from him such residence. The notary made inquiry of Mr. Baldwin, who replied that he knew the indorser, and that his post-office address was Pierrepont Manor, N. Y. In consequence of this information, the notice of protest of the note was directed to defendant, at Pierrepont Manor, and placed in the mail. The indorser, however, received his mail at Adams, a place about five miles distant from Pierrepont Manor. The notice was forwarded to him by the postmaster at Pierrepont Manor, and he received it on the ninth day after it was sent.

Prior to the maturity of the note the maker had become a bankrupt, and this action was brought against the indorser alone.

*N. Vichery*, for appellant. The notice of protest was not legally served. (1.) It was not sent to defendant's residence. *Stearns* v. *Kenyon*, 5 Hill, 520; *Lawrence* v. *Miller*, 16 N. Y. 235; *Taylor* v. *Snyder*, 3 Den. 145; *Carroll* v. *Upton*, 3 N. Y. 272. (2) Plaintiffs did not use due diligence. *Lawrence* v. *Miller*, 16 N. Y. 235; *Bank of Utica* v. *Bender*, 21 Wend. 643; *Rauson* v. *Mack*, 2 Hill, 587; *Beale* v. *Parrish*, 20 N. Y. 407. See, also, *Bank of Utica* v. *De Mott*, 13 Johns. 432; *Hunt* v. *Maybee*, 7 N. Y. 266; *Spencer* v. *Bank of Salina*, 3 Hill, 520; Edm. Sel. Cases, 470; *Libby* v. *Adams*, 32 Barb. 542; *Foster* v. *Nilien*, 24 N. Y. 28.

*John C. McCartin*, for respondent. The holder used due diligence. Edw. on Bills, 610; *Catskill Bank* v. *Stall*, 15 Wend. 364; *Ramsen* v. *Mack*, 2 Hill, 589; *Bank of Utica* v. *Bender*, 21 Wend. 643; Laws of 1857, chap. 416; *Bartlett* v. *Robinson*, 39 N. Y. 187; *Stone* v. *Mayor of New York*, 15 Wend. 167; *Taylor* v. *Bryden*, 8 Johns. 177. Defendant's receipt of notice was sufficient to charge him. *Manufacturers and Tradesmens' Bank* v. *Hazard*, 30 N. Y. 226.

TALCOTT, J. The sole question presented in this case is, whether the plaintiff used due diligence in endeavoring to notify the defendant, as indorser, of the demand and non-payment of the note sued on. The justice before whom the cause was tried, without a jury, has found that "the plaintiffs used due diligence to ascertain the post-office address of the defendant, in order to give him notice of the presentment, demand, refusal and protest of said note, and that,

acting on the information received, in good faith, sent notice of the presentment, demand and refusal of payment and protest of said note to defendant, and he received the same." The question of due diligence is a mixed question of fact and law, and we think the evidence was sufficient to justify the finding.

It must be taken that the evidence established to the satisfaction of the justice, that the plaintiffs had no knowledge or information, as to the residence of the defendant, until the time when they instituted inquiries for the purpose of sending him notice of non-payment. When the note matured, and was presented and protested for non-payment, the plaintiffs directed the notary to inquire of Mr. Baldwin, as to the residence and post-office address of the defendant. Mr. Baldwin was a person of mature age, who had been a resident of that part of the county in which the defendant resided, and was at that time assistant assessor of internal revenue for the district in which Jefferson county was situated. The inquiry was made of Baldwin, who stated that he knew the defendant, and that his post-office address was Pierrepont Manor. Whereupon the notary addressed the notice accordingly. In fact the residence and post-office address of the defendant were at Adams village, about five miles from the post-office at Pierrepont Manor.

The notice was forwarded by the postmaster at Pierrepont Manor to the defendant at Adams but not received by him there until about nine days after the protest of the note. In the case of *Lawrence* v. *Miller*, 16 N. Y. 235, which is specifically relied on by the counsel for the defendant as sustaining his position that there was no evidence of due diligence to support the finding in this case, BOWEN, J. says, "inquiry should have been made of the makers, due diligence required that this should be done."

But the learned justice based that statement upon the idea that the maker was to be found in New York where the note was payable and the demand of payment made, and says, the note being dated and payable in New York afforded evidence that the maker resided there. In the present case, however, it expressly appears that the maker did not reside in Watertown where the note was dated and payable. It is obvious that the holder cannot be required to inquire of the maker unless the latter is, or is presumed to be, immediately accessible when the contingency arises, upon which it becomes necessary to notify the indorser. In the same case of *Lawrence* v. *Miller*, DENIO, J., says, "There may be cases

where the holder does not know the residence of his immediate indorser, and where this is shown due inquiries may excuse a notice. * * * * Inquiry should have been made of some person who knew the defendant, or it should have been proved that no person acquainted with him could be found."

Of course the holder must accept the statement of the person of whom he inquires as to the fact of the latter's acquaintance with the indorser, as the holder cannot himself in general have knowledge of the fact. In such a case if the inquiries are made in good faith, of proper persons likely to know the indorser, and are prosecuted to a definite result, and then the holder in good faith acts upon the definite information thus obtained, nothing more can in general be required.

*Judgment affirmed.*